

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DARRYL LA'KEITH MADISON. | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | NO. 3:03-CV-1751-N |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case

has been referred to the United States Magistrate Judge. The findings, conclusions, and

recommendation of the Magistrate Judge follow:

### Parties

Petitioner Darryl La'Keith Madison is an inmate in the custody of the Texas Department of

Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke,

Director of TDCJ-CID.

### Procedural History

On February 16, 2000, a jury found Madison guilty of burglary of a habitation and, after

considering Madison's pleas of true to two enhancement allegations, assessed his punishment at 50

years' confinement. (C.R. at 34.) The Eighth District Court of Appeals affirmed the trial court's

judgment, and the Texas Court of Criminal Appeals refused Madison's pro se petition for

discretionary review on January 9, 2002. *Madison v. State*, No. 8-00-142-CR, 2001 WL 803014

(Tex. App.—El Paso July 17, 2001, pet. ref'd) (not designated for publication). Although the Court

of Criminal Appeals granted Madison an extension of time to file a motion for rehearing, he failed to file a timely rehearing motion. (Resp't Answer at Ex. B.) Madison did not file a petition for certiorari with the United States Supreme Court; thus, his conviction became final on April 9, 2002—90 days after the Court of Criminal Appeals entered its order denying discretionary review. SUP. CT. R. 13.1.

On January 29, 2003, Madison filed a state application for writ of habeas corpus,[1] which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Madison*, No. 55,367-01 (Tex. Crim. App. May 7, 2003) (not designated for publication). Madison filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on August 4, 2003. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

## Issues

Madison argues that:

1.    the jury was unconstitutionally selected,

2.    the indictment was fundamentally defective,

---

[1]Madison seems to argue that he filed his state habeas application on December 26, 2002, which is, presumably, the date he placed the application in the mail. (Pet'r Traverse at 6; State Habeas R. at 10.) But the prison mailbox rule does not apply to the filing date of a state habeas application. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam), *cert. denied*, 529 U.S. 1057 (2000).

3.      the trial court erroneously omitted a mistake-of-fact instruction and a charge on the lesser included offense of theft,

4.      his guilty pleas to the enhancement paragraphs were involuntary,

5.      unadjudicated extraneous offenses were wrongly admitted at punishment,

6.      trial counsel was constitutionally ineffective,

7.      appellate counsel was constitutionally ineffective, and

8.      he is actually innocent.

## Exhaustion of State Court Remedies

Dretke argues that Madison's actual-innocence claim has not been exhausted and asserts that it has been procedurally defaulted. However, Dretke believes that Madison's remaining allegations have been properly exhausted. (Resp't Answer at 5.)

## Statute of Limitations

Dretke asserts that the petition for writ of habeas corpus is barred by the statute of limitations. Indeed, federal habeas corpus petitions are subject to a one-year statute of limitations:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The first question is when limitations began in this case.

Dretke asserts that because Madison is challenging the underlying conviction, the limitations period began to run when the conviction became final—April 9, 2002.  (Resp't Answer at 6.) Dretke is correct.  Madison's complaints about his underlying conviction should have been known to him once his conviction was final.  *Cf. Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998) (holding petitioner's failure to discover best evidence of constitutional violation does not excuse procedural default because factual basis for claim available to petitioner when state habeas application filed), *cert. denied*, 526 U.S. 1100 (1999).

Absent application of any tolling provision, Madison's federal petition was due on or before April 9, 2003.  If, however, a state prisoner files a timely state post-conviction application for habeas corpus review, the time taken to pursue that remedy is not counted toward the limitation period.  28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998) (per curiam).  Thus, the statute of limitations was clearly tolled from January 29, 2003 until May 7, 2003—during the pendency of Madison's state habeas corpus application—for a total of 98 days.  Excluding the allowable, 98-day period, Madison's federal petition was due on July 16, 2003.

Madison does not state any grounds for equitable tolling, and there is nothing in the record to indicate he is entitled to it.  *E.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (per curiam), *cert. denied*, 528 U.S. 1007 (1999).  Further, a petitioner must diligently pursue habeas relief to be entitled to equitable tolling.

4

*Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). Madison's own actions reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.) (per curiam), *clarified per curiam on reh'g*, 223 F.3d 797 (5th Cir. 2000). Madison waited over nine months after his judgment was final before filing a state habeas application and once that application was denied, he waited almost three months before filing his federal habeas corpus petition. Madison's own delays mitigate against the application of equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000); *Coleman*, 184 F.3d at 403.

Madison's federal petition, due July 16, 2003, was not filed until August 4, 2003 and is, thus, untimely.

## Recommendation

Madison's petition, filed 19 days after limitations expired, should be dismissed with prejudice as time-barred.

SIGNED April 26, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6